RECEIVED
IN ALEXANDRIA, LA
AUG 14 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES PRESTON SMITH<br>BOP#06505-084 | DOCKET NO. 09-CV-0034; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| WARDEN MENEFEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights case filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] by Plaintiff James Preston Smith, pro se and *in forma pauperis*. Plaintiff is an inmate in the custody of the Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary Pollock. Plaintiff seeks compensatory and punitive damages from defendants Menefee, Martinez, and Lair for retaliation. He also seeks compensatory damages against inmates "Bean," Jolley, and Dunn for personal injuries inflicted by those inmates.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

## BACKGROUND INFORMATION & CURRENT FACTS

Ten years ago, on September 1, 1999, Petitioner was charged in the United States District Court for the Southern District of West Virginia with possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Plaintiff pled guilty to the charges and was sentenced to 207 months in prison followed by five years of supervised release. The conviction and sentence were upheld on appeal. Plaintiff went on to file twenty lawsuits in the Southern District of West Virginia related to the guilty plea and sentence, and all or substantially all of those were dismissed as time-barred and/or meritless. See Smith v. Hayden, et al., 5:05-cv-0884 (S.D.W.V. 6/2/09), Doc. #37, 2009 WL 1543910 ("... many of his claims... are completely baseless and border on the absurd."). In fact, the Southern District of West Virginia has recently enjoined Plaintiff from filing any actions in that court without first meeting certain conditions. Id. Most of the numerous lawsuits filed by Plaintiff were habeas corpus cases; of the Bivens cases that Plaintiff filed, most, if not all, were dismissed without prejudice for failure to exhaust administrative remedies or for failure to prosecute.

Plaintiff has filed this Bivens lawsuit based on allegations that he was attacked by three inmates as retaliation for filing a grievance against Warden Menefee and Captain Martinez. Plaintiff alleges that he brought a "sensitive" grievance to Counselor Lair

2

on December 23, 2008. The grievance was against Warden Menefee and Captain Martinez because that they placed Plaintiff in "lock-up" for ten hours after he complained about a guard harassing him in the dish room. Plaintiff alleges that, when he gave Lair the grievance, the officer asked Plaintiff three times, "Are you sure you want to do this?" Plaintiff claims that Lair's question was a "thinly veiled threat" that Plaintiff would be retaliated against if he filed the grievance.

Later that evening, fellow inmates Jolley and Dunn assaulted Plaintiff in the "card room" and told him to "get out of A-4." Another inmate, referred to as "Bean," threw Plaintiff's belongings on the floor and said, "You have to leave before they really hurt you!" Plaintiff went to the Lieutenant's office requesting that he be moved to another building. Plaintiff was moved to B-2 on December 30, 2008.

Plaintiff alleges that he went to the law library where Inmate "Bean" threatened him numerous times, telling Plaintiff to "check in or be hurt bad." Later, while Plaintiff was in front of his new building, Building B, someone hit him in the back of the head with a weight resulting in a concussion. Plaintiff was taken to the emergency room and underwent an MRI.

## LAW & ANALYSIS

Plaintiff alleges that the defendants retaliated against him for submitting a grievance against Menefee and Martinez. To state

a claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Rosas v. Rodriquez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999)). Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." Id. citing Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997)(citations omitted). Plaintiff claims that the officers retaliated against him, yet he does not allege any retaliatory adverse act by Lair, Menefee, or Martinez. If Plaintiff is implying that one or more of the officers orchestrated the attack by the other inmates, he has presented only conclusory allegations of causation. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).[2] Plaintiff has not set forth any non-conclusory facts indicative of retaliation by Lair, Menefee, or Martinez in either

---

[2] See also Sias v. Louisiana 146 Fed. Appx. 719 (5th Cir. 2005)("Sias's allegations are vague and conclusory and are therefore insufficient to establish a 42 U.S.C. §1983 claim.") (citations omitted); Elliott v. Perez, 751 F.2d 1472, 1479 (5th Cir. 1985)(A plaintiff may not plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought.).

4

of his complaints [Docs. #1 & 3], and his claim against these defendants should be dismissed.

Likewise, Plaintiff's civil rights claim against his three fellow inmates should be dismissed. To obtain relief under <u>Bivens</u>, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of federal law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Doe v. Rains County Indep. School Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995). Plaintiff has failed to present any non-conclusory allegations that inmates Jolley, Dunn, and "Bean" were acting under the color of federal law. Plaintiff's complaint against these inmates should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of Title 28, Section 636(b)(1)(c) of the United States Code and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after

being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 14th day of August, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE